**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DENNIS R. M.,[1]                                  )
                                                  )
                    Plaintiff,                    )
                                                  )          **CIVIL ACTION**
v.                                                )
                                                  )          **No. 18-2680-JWL**
ANDREW M. SAUL,[2]                                )
Commissioner of Social Security,                 )
                                                  )
                    Defendant.                    )
 _____ )


**MEMORANDUM AND ORDER**


Plaintiff seeks review of a decision of the Commissioner of Social Security

denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the

Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding no error

in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment

shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the

Commissioner's final decision.

**I.      Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the
interest of protecting the privacy interests of Social Security disability claimants, it has
determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security.
In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is
substituted for Acting Commissioner Nancy A. Berryhill as the defendant.  In accordance
with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying his application for DIB.  Plaintiff argues that the ALJ erred at step two in finding that the pain in his neck and the pain and limited range of motion in his right shoulder are not severe impairments, and in failing to include in the residual functional capacity (RFC) the ALJ assessed limitations relating to Plaintiff's "cervical pain or symptoms caused by degeneration, radiculopathy, lack of sleep and resulting fatigue, or how each of these symptoms affect his ability to sustain full-time, competitive employment."  (Pl. Br. 13).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). This case was decided at step four of the process, and the burden remained always on the Plaintiff.

## II. Step Two

Plaintiff claims the ALJ erred in failing to find his right shoulder problems and his cervical spine problems were severe impairments. He argues this is so because in the Veterans Affairs (VA) medical records Dr. Malis noted that Plaintiff had a "supraspinatus tendon tear in [his] right shoulder upon review of MRI, and [] multilevel spondylosis and degenerative joint disease based on imaging taken of [Plaintiff]'s cervical spine in 2012." (Pl. Br. 10). He also argues that the records show he was treated for "ongoing shoulder pain," the "pain was not being effectively managed," and the "pain moderately interfered with his enjoyment of life or general level of activity, and that his pain is exacerbated by lifting, bending, sitting and standing for prolonged periods, standing from a sitting

position, walking and turning and twisting 'wrong.'" Id. (citing R. 331-33, 336).  Finally, Plaintiff argues the ALJ erred in failing to consider the combined effect of all of Plaintiff's impairments.

The Commissioner argues that the ALJ properly found Plaintiff's neck and shoulder pain were not medically determinable impairments because they were not diagnosed or treated by Plaintiff's doctors.  (Comm'r Br. 4).  In the Commissioner's view, this is correct because the VA medical records merely included these alleged impairments at each of the office visits, Plaintiff actually complained of shoulder pain to his doctors only once and never specifically sought treatment for his alleged neck pain. Id.  Finally, he argues that "the underlying imaging noted in these treatment notes is not contained in the record, and the treatment notes do not otherwise indicate that Plaintiff was actually complaining of pain in his neck and right shoulder at those visits."  Id. at 5.

In his Reply Brief Plaintiff argues that "the ALJ found that [Plaintiff]'s neck pain and right shoulder pain were not severe impairments because 'neither of these conditions were diagnosed and therefore are not medically determinable impairments.'"  (Reply 2) (quoting R. 13).  He argues that "because the ALJ found the conditions were non-severe, they were not considered."  Id.  He argues that the medical records show his shoulder pain results from a tear documented by an MRI and his cervical spine pain results from multilevel spondylosis, findings which are sufficient to demonstrate severe impairments, "and are clearly 'medically determinable impairments.'"  (Reply 2).

**A.**     **Step Two Standard**

At step two of the sequential evaluation process, the Commissioner considers the medical severity of a claimant's impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). However, the Commissioner only determines whether a claimant's impairment(s) is severe <u>after</u> he establishes that the claimant has one or more medically determinable impairments "established by objective medical evidence from an acceptable medical source," and the Commissioner "will not use [the claimant's] statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." <u>Id.</u> § 401.1521. When assessing RFC the agency "will consider all of [a claimant's] <u>medically determinable impairments</u> of which [the agency is] aware, including [the claimant's] <u>medically determinable impairments</u> that are not 'severe.'" <u>Id.</u> § 404.1545. (emphases added).

To establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, plaintiff must make only a "<u>de minimis</u>" showing. <u>Hinkle v. Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997). Plaintiff need only show that an impairment would have more than a minimal effect on his ability to perform basic work activities. <u>Williams</u>, 844 F.2d at 751. However, he must show more than the mere presence of a condition or ailment. <u>Hinkle</u>, 132 F.3d at 1352 (citing <u>Bowen v. Yuckert</u>, 482 U.S. 137, 153 (1987)). If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on a claimant's ability to do basic work activities, it could not prevent him from engaging in substantial work activity and will not be considered severe. <u>Hinkle</u>, 132 F.3d at 1352. The determination at step two is based on medical factors alone, and not vocational factors such as age, education, or work

experience.  <u>Williamson v. Barnhart</u>, 350 F.3d 1097, 1100 (10th Cir. 2003).  A claimant

must provide medical evidence that he had an impairment and how severe it was during

the time the claimant alleges he was disabled.  20 C.F.R. § 404.1512.  While limitations

attributed to impairments which are medically determinable but are not severe <u>must be</u>

considered in the RFC assessment, alleged limitations attributable to impairments which

are <u>not</u> medically determinable <u>must not be</u> considered.  <u>Gibbons v. Barnhart</u>, 85 F.

App'x 88, 91 (10th Cir. 2003) ("the ALJ 'must consider only limitations and restrictions

attributable to medically determinable impairments.'") (quoting <u>Soc. Sec. Ruling</u> (SSR)

96-8p 1996 WL 374184 at *2); <u>see also</u>, <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 554, n.7

(3d Cir. 2005) (to be considered, an impairment must be medically determinable, but

need not be "severe").

**B.**      **Analysis**

As Plaintiff's Brief suggests, two of the fifteen to nineteen problems listed in each

of Plaintiff's treatment notes in the VA medical records included "neck pain" and "R

shoulder pain." (R. 334, 346, 348, 353, 369, 378).  In each note is stated "Neck pain.

Follows with PM&R, PT, Orthopedics.  C-spine 2012 with multilevel spondylosis, DJD.

Fair control on Naproxen, Tramadol, Cyclobenzaprine, Gabapentin," and "R shoulder

pain.  Follows with PM&R, Orthopedics.  MRI R shoulder with supraspinatus tendon

tear.  Improved on Naproxen, Tramadol, Cyclobenzaprine, Gabapentin." (R. 334, 346,

348-49, 353, 369, 378).

As noted in the Commissioner's Brief, the ALJ found that Plaintiff "alleged neck

pain and right shoulder pain but [that] neither of these conditions have been diagnosed

and treated and therefore are not medically determinable impairments." (R. 13). The regulations require that the Commissioner "will not use [the claimant's] statement of symptoms, a diagnosis, or a medical opinion to establish the existence of" a medically determinable impairment. 20 C.F.R. § 401.1521. At best, the notes in the VA medical records are a statement of diagnosis or a medical opinion. Moreover, although the notes refer to an "MRI R shoulder with supraspinatus tendon tear," and a "C-spine 2012 with multilevel spondylosis, DJD," the record evidence does not explain what a "C-spine 2012" is (an x-ray of the cervical spine in 2012?), and it does not contain the reports of the MRI, x-ray, or other objective testing upon which the alleged diagnoses are based. This evidence does not meet Plaintiff's burden to establish that these are medically determinable impairments. Plaintiff's appeal to Dr. Malis's and Dr. Ahad's treatment notes in 2016 is no more persuasive as those notes appear to be merely Plaintiff's reports to his health care providers which were recorded in the treatment notes and do not provide any objective basis to find medically determinable impairments and show no treatment beyond a continuation of the medication already prescribed. The evidence supports the ALJ's finding that these are not medically determinable impairments.

## III.    RFC Assessment

Plaintiff complains that the ALJ erred in the RFC assessment by failing to account for all of Plaintiff's physical limitations. He argues, "The ALJ's residual functional capacity failed to address [Plaintiff]'s cervical pain or symptoms caused by degeneration, radiculopathy, lack of sleep and resulting fatigue, or how each of these symptoms affect his ability to sustain full-time, competitive employment." (Pl. Br. 13). However,

Plaintiff's Brief does not point to specific functional limitations which the ALJ failed to include in his RFC assessment. Rather, he points to symptoms he "reported," "discussed," "complained of," "testified to," "described," and "explained." Id. at 12-13.

To the extent Plaintiff relies upon symptoms resulting from his alleged neck impairment or right shoulder impairment, the regulations prohibit considering alleged limitations resulting from impairments which are not medically determinable. Having properly found Plaintiff's neck pain and right shoulder pain are not medically determinable impairments, the ALJ was prohibited from including limitations attributable to them in the RFC assessed.

As to Plaintiff's allegations of symptoms resulting from his degenerative disc disease, the ALJ evaluated those allegations in accordance with 20 C.F.R. § 404.1529 and SSR 16-3p and found them "not entirely consistent" with the record evidence. (R. 13-14). Plaintiff has not alleged error in the ALJ's analysis of consistency and the court finds the ALJ's finding supported by the record evidence.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated September 24, 2019, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**